Delores G. ROTH, Petitioner-Respondent,

v.

Arthur ROTH, Respondent-Appellant.

No. 43360.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

Webb & Sherby, Clayton, for respondent-appellant.

Taylor, Schumaier & Sluggett, Clayton, for petitioner-respondent.

REINHARD, Judge.

This is a dissolution action in which the husband appeals from that portion of the decree awarding maintenance to the wife. We affirm.

The decree ordered husband to pay wife as maintenance in gross the sum of $35,000, at the rate of $400 per month, and ordered that the sum be secured by a lien on marital property which had been specifically allocated and set off to the husband.

The husband contends that the court erred in awarding maintenance. He claims that as a matter of law the wife was not entitled to maintenance under § 452.335, RSMo 1978, because she had the ability to provide for her own reasonable needs under the criteria set out in paragraphs 1 and 2 of the statute.

Section 452.335, RSMo 1978 in pertinent part provides:

"1. In a proceeding for dissolution of marriage ... the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment ....

2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently...

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, and the physical and emotional condition of the spouse seeking maintenance;

(6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(7) The conduct of a party seeking maintenance during the marriage."

Without stating all the evidence, we find that the record supports the court's determination to award maintenance to the wife.

The evidence shows that the wife meets the threshold requirements for such an award in this childless marriage. She "[l]acks sufficient property ... to provide for ... [her] reasonable needs; and ... [i]s unable to support ... [herself] through appropriate employment ...." Section 452.335.1 RSMo 1978. The home was allocated to the wife and the income-producing property was allocated to the husband. The testimony revealed that her necessary expenses substantially exceeded her net income from working at a bowling alley, although the court was in error in determining that her net income was $450 per month when in fact the evidence revealed that it was somewhat in excess of $600 per month. The evidence further revealed that her necessary expenses exceeded $400 per month that she would receive under the payment provisions of the gross maintenance award. The court's order is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion would have no precedential value.

Accordingly, and in compliance with Rule 84.16(b), the judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.